ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jorge Echavarria-Toro<br>(Petitioner)<br><br>v.<br><br>Janet Reno, U.S. Attorney<br>General, ET AL.<br>Frances Holmes, Immigration<br>And Naturalization District<br>Director<br>(Respondents) | 3:CV00-1292<br><br>Case No........<br><br>FILED<br>SCRA...<br>JUL 21 2000 |

PETITION FOR WRIT OF HEBEAS CORPUS
PURSUANT TO 28 U.S.C SEC 2241

Come now petitioner, pro se, in the above course of action and files this petition for relief under 28U.S.C. Sec 2241. Petitoner's Due process rights are being violated through the mandatory detention that respondents are subjecting him to under INA 236(c), U.S.C. 1226(c).

Petitioner is respectfully urging the honorable court to construe this petition liberally and cure procedural errors as adjudged by the Supreme court in <u>Haines V. Kerner</u>, 404 U.S. 519 (1972).

-1-

F. Supp 252 (E.D. Mich 1990). The court also stated that no act of congress can violate the constituion.

The power of the great writ remains intact despite all attempts by congress to diminish its power. Aliens can still seek relief from District courts anytime their constitutional rights are being violated, most of the courts arround the country have recognized that they maintain jurisdiction including the highest court in <u>Reno V. American Arab Anti Discrimination committee</u>, 119 S.Ct 142 L. Ed. 2d 940 (1999), where the court interpreted the jurisdictional stripping of the INA Section U.S.C. 1252(g) narrowly concluding that it only covered the following situations:
1) Decisions to commence proceedings.
2) Decisions to adjudicate cases.
3) Decisions to execute removal orders.

Although the provision in the <u>American Arab</u> differs from the one at hand, the courts have held it instructive in suggesting that the supreme court would interpret 236(e) similarly.

Jurisdiction in this circuit was confirmed in several cases
See <u>Hypolite V. Blackman</u>, 57 F. Supp 2d 128 (MD PA 1999); <u>Catney V. INS</u>, 178 F. 3d 190, 1999 WL 330421; <u>Ngo V. INS, Sandoval; DeSoussa</u>...
<u>Kim Ho Ma V. INS</u>, 56 F. Supp 2d 1163 (WD Wash, 1999);
<u>Grant V. Zemski</u>, cv 99-2620 (E.D. PA, 1999);

-3-

In <u>Velasquez V. Reno, 37 F. Supp. 2d (D.NJ, 1999)</u>, the court held that absent a clear an express statement that hebeas jurisdiction was repealed, it would be improper to find that 28 U.S.C. Sec 2241 has actually been repealed.

In conclusion, the enactment of (AEDPA) and (IIRIRA) did not affect the jurisdiction of hebeas corpus when it comes to constitutional challenges.

Petitioner need not exhaust administrative remedies prior to filing this petition because 1) "congress did not specifically mandated exhaustion before judicial review of custody determination." See <u>Tam V. INS,</u> (E.D. Cal, 1998) and 2) because the Board Of Immigration Appeals to whom an appeal would be addressed, has no jurisdiction to pass on the constitutionality of the statutes it administeres, See <u>Matter Of L, I & N 556</u> (BIA, 1951);
See also <u>Dastmalchi V. INS</u>, 660 F. 2d 880 (3rd Cir, 1981).

In conclusion to this argument, it is clear that this petition can be heard by the honorable court who has full power and jurisdiction to rule on it.

**ARGUMENT**

<u>236(c) OF THE INA IS A VIOLATION OF DUE PROCESS.</u>

-4-

Petitioner, being still in the hearing process, maintains his legal immigration status of permanent resident and is therefore entitled to considerable due process protection under the law. In <u>Plyler V. Doe</u>, 457 U.S. 202, 210 (1982), the court held that (Whatever his status under immigration laws, an alien is surely a person in any ordinary sense of the term. Aliens, even aliens whose presence in the country is anlawful, have long been recognized as persons guaranteed due process of the law by the Fifth and Fourteenth Amendment.); See also <u>Probert V. INS</u> 750 F.Supp 252 (E.D. Mich, 1990); <u>U.S. V. Verdugo</u>, 494 U.S. (1990). In <u>Probert</u>, the court wrote:"The Fifth Amendment speaks of persons, as does the Eight Amendment. It does not speak of citizens, it does not speak of residents, it speaks of persons. all persons in the United States are entitled to fundamental due process." That process is totally denied by the mandatory detention clause of section 236 (c).

The claimed purpose of the mandatory detention is to prevent aliens from absconding during removal proceedings and to safeguard the community from repeat offenders. But, under the compelling interest test, an evaluation would clearly show that 236(c) **does not** serve a legitimate gouvermental purpose and is far excessive. Such test prohibits the gouvernment from infringing a person's fundamental liberty interests, regardless of the process provided, unless the gouvernment narrowly tailors the ~~infringement to serve a compelling state interest. See~~

-5-

infringement to serve a compelling state interest. See U.S. V. Salerno, 481 U.S. 739 107 S. Ct (1987).

In petitioner's case, the process provided does not allow for release based on an evaluation of flight risk or danger to the community; Rather, detention is a must.

In a way, 236(c) sweeps too broadly , denying bail "imputes a purpose to injure society to all detained aliens with aggrevated felonies, regardless of the circumstances of the individual case." St John, 917 F. Supp at 246 (holding a predecessor statute unconstitutional).

In Kellman V. District Director, 750 F. Supp 625 (S.D.N.Y. 1990), the court ruled that congress can not constitutionally render a permanent resident alien in deportation proceedings uneligible for bail without a case by case determination .

In Paxton V. INS, 74 F. Supp 1261 (E.D. Mich 1990) the court wrote:" a statute that authorizes mandatory denial of bail acheives the same result of violating the probation against excessive bail within the contest of the Eight Amendment."

In U.S. V. Salerno, 481 U.S. 739, 107 S.ct 2095, 95 L. Ed. 2d 697 (1987), the court used a two step inquiry to determine whether the detention under the "Bail Reform Act" of 1984 violated substansive due process. ~~The court considered iwhether the monstri(c)ionxaofsilibertywabation~~

-6-

The court considered whether the restriction of liberty was (1) an impressible punishement; (2) excessive in regard to the goal of congress.

The court in **Paxton** followed the same reasoning as in Salerno and looked into the legislative intent behind 8 U.S.C. 1252 (a)(2) (a predecessor statute) to determine if the regulation was permissible. In its analysis, the court determined that the regulation was excessive in light of the goal it sought to acheive and that the mandate :" the attorney general shall not release such felon from custody" is precisely the type of gouverment conduct that shocks the conscience and interferes with right implicit in the concept of ordered liberty.

So many other courts have ruled that such laws are unconstitutional because they violated due process:

Kellman V. INS, 750 F. Supp 625 (S.D.N.Y 1990);

Leader V. Blackman, 744 F. supp 500 (S.D.N.Y 1990);

Probert V. INS, 750 F. Supp 252 (E.D.Mich 1990);

Agunobi V. Thoronburgh, 754 F. Supp 533 (N.D. Il, 1990);

Tam V. INS, 14 F. Supp. 2d 1184 (E.D. Cal 1999);

Van Eaton V. Beebe, 49 F. Supp 2d 1186 (D. Or, 1999);

Martina V. Green, 28 F. Supp. 2d 1275 (D. Colo, 1999);

In the present case, 236(c) seeks to detain virtually all criminal aliens, a much broader category than the group that 1225(a)(2) sought to detain. By doing so, congress would be imputting a purpose to 1225 (a)(2) the Supreme Court in US v. Carlson rpfused to impute

-7-

by doing so, congress would be imputing a purpose to injure society to all aliens.

In **U.S. V. Carlson**, 96L. Ed 547 (1952), the Supreme court ruled that :" a purpose to injure society could not be imputted to all aliens subject to deportation." thus a case by case determination is essential to avoid errorneous deprivation of liberty."

In **aguilera V. INS**, 516 F. 2d 565 (6th Cir, 1975) the court ruled that "if procedures mandated by congress do not provide an alien with procedural due process. they must yield."In **Velasquez V. Reno**, 37 F. Supp 2d 663 (D.N.J, 1999), the court held that mandatory detention provision of the INA violates both Fifth and Eight Amendment prohibition against excessive bail.

It is clear that mandatory detention under 236(c) is a violation of constitutional protections and must therefore yield to constitutional demands.

Petitioner is hereby respectfully asking the honorable court to grant him relief by either ordering his release under a nominal bail, or ordering the respondents to conduct a bail hearing that would allow for release based on flight risk and danger to society factors not any other factors such as 236(c).

Respectfully Submitted

*Jorge Echavarria Toro*

Jorge Echavarria Toro                    June 29, 2000